**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| ADDICTION & DETOXIFICATION INSTITUTE, LLC, a New Jersey Limited Liability Corporation<br><br>Plaintiff,<br><br>v.<br><br>JOHN EPPERLY, an individual, NEW HOPE HOLDINGS, LLC, an Illinois Limited Liability Corporation, MIDWEST RAPID OPIATE DETOXIFICATION SPECIALISTS, LLC, An Illinois Limited Liability Corporation, TEXAS OPIATE DETOXIFICATION SPECIALISTS, LLC, a Texas Limited Liability Corporation, and THOREK MEMORAL HOSPITAL, an Illinois Corporation,<br><br>Defendants. | ) | Civil Action No.<br><br>Judge<br><br>Magistrate<br><br>Demand for Jury Trial |

**COMPLAINT**

Plaintiff, Addiction & Detoxification Institute LLC ("ADI") for its Complaint for Patent Infringement against Defendants John Epperly ("Epperly"), New Hope Holdings, LLC ("New Hope"), Midwest Rapid Opiate Detoxification Specialists, LLC ("MRODS"), Texas Opiate Detoxification Specialists, LLC ("TODS"), and Thorek Memorial Hospital ("Thorek") (collectively, hereafter "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff ADI is a New Jersey corporation having an address at One South Center Street, Suite 202, Merchantville, New Jersey.

2. On information and belief, Defendant Epperly, an individual, is Chairman of Dependant New Hope which owns and operates Defendants MRODS and TODS, and Epperly has an address at 309 Hamilton Street #B, Geneva, Illinois 60134-2182.

3. On information and belief, Defendant New Hope is an Illinois Limited Liability Corporation having an address at 309 Hamilton Street #B, Geneva, Illinois 60134-2182.

4. On information and belief, Defendant MRODS is an Illinois Limited Liability Corporation which is owned and operated by Defendant New Hope and has addresses of 2835 N. Sheffield Ave., Suite 407, Chicago, Illinois 60657 and 309 Hamilton Street #B, Geneva, Illinois 60134-2182.

5. On information and belief, Defendant TODS is a Texas Limited Liability Corporation, which is owned and operated by Defendant New Hope, and has addresses of 309 Hamilton Street #B, Geneva, Illinois 60134-2182 and Kindred Hospital, 1802 Highway 157 N, Mansfield, Texas 76063.

6. On information and belief, Defendant Thorek is an Illinois Corporation having an address at 850 W. Irving Park Road, Chicago, Illinois 60613-3099.

7. On information and belief, Defendants are engaged in the operation, use, sale, and offering for sale within the United States of opiate detoxification services and methods, including, but not limited to, Anesthesia Assisted Rapid Opiate Detoxification (“AAROD”), also known as “Rapid Detox,” “Rapid Opiate Detox,” and “Ultra Rapid Opiate Detoxification (UROD).”

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

10. On information and belief, Defendants are subject to personal jurisdiction in the Northern District of Illinois, Eastern Division (the "District"), consistent with the principles of due process, because Defendants maintain offices and facilities in this District, offer their products, services, and methods for sale, and do sell same, in this District, have transacted business in this district, have committed and/or contributed to and/or induced acts of patent infringement in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## PATENT INFRINGEMENT COUNTS

12. ADI is the owner of all right, title, and interest in U.S. Patent No. 5,789,411 (the "'411 patent") and in U.S. Patent No. 6,004,962 (the "'962 patent") (collectively the "ADI Patents"), which Defendants are infringing and/or are contributorially infringing and/or are inducing others to infringe by using, offering to sell, and/or selling methods and services that practice one or more inventions claimed in the ADI Patents.

13. Defendants have profited through infringement of the ADI Patents. As a result of Defendants' unlawful infringement of the ADI Patents, ADI has suffered and will continue to suffer damage. ADI is entitled to recover from Defendants the damages suffered by ADI as a result of Defendants' unlawful acts.

14. On information and belief, Defendants' infringement of one or more of the ADI Patents is willful and deliberate, entitling ADI to enhanced damages and reasonable attorneys fees and costs.

15. On information and belief, Defendants intent to continue their unlawful infringing activity, and ADI continues to and will continue to suffer irreparable harm, for which there is no adequate remedy at law, from such unlawful infringing activity unless Defendants are enjoined by this Court.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,789,411**

16. ADI realleges and incorporates by reference the allegations set forth in paragraphs 1-15.

17. ADI is the owner of all right, title, and interest in the ‘411 Patent, entitled “Improvements to Rapid Opiate Detoxification,” duly and properly issued by the U.S. Patent and Trademark Office on August 4, 1998. A copy of the ‘411 Patent is attached as Exhibit A.

18. Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributorially infringing the ‘411 Patent by, among other things, using, selling, offering to sell in the United States methods and services that are covered by at least one claim of the ‘411 Patent.

**COUNT II**

**INFRINGMENT OF U.S. PATENT NO. 6,004,962**

19. ADI realleges and incorporates by reference the allegations set forth in paragraphs 1-18.

20. ADI is the owner of all right, title and interest in the ‘962 Patent entitled “Rapid Opiod Detoxification,” duly and properly issued by the U.S. Patent and Trademark Office on March 30, 1999. A copy of the ‘962 Patent is attached as Exhibit B.

21. Defendants have been and/or are directly infringing and/or are inducing infringement of and/or contributorily infringing the '962 Patent by, among other things, using, selling, offering to sell in the United States methods and services that are covered by at least one claim of the '962 Patent.

## DEMAND FOR JURY TRIAL

22. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ADI respectfully requests a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, ADI prays for relief as follows:

A. For a judgment declaring that Defendants have infringed each of the ADI Patents;

B. For a judgment awarding ADI compensatory damages as a result of Defendants' infringement of the ADI Patents and in no even less than a reasonable royalty;

C. For a judgment declaring that Defendants' infringement of the ADI Patents has been willful and deliberate;

D. For a judgment awarding ADI treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the ADI Patents;

E. For a judgment declaring that this case is exceptional and awarding ADI its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54 of the Federal Rules of Civil Procedure;

F. For a grant of a permanent injunction pursuant to 35 U.S.C. §§ 283, enjoining the Defendants from further acts of infringement; and

G. For such other and further relief as the Court deems just and proper.

DATED THIS ___ DAY OF ______ 2011.

**PLAINTIFF ADDICTION & DETOXIFICATION INSTITUTE, LLC**

Respectfully submitted,

Date____________________

By__________________________
John P. Luther

John P. Luther
Ladas & Parry LLP
224 South Michigan Avenue
Suite 1600
Chicago, IL 60604
312-427-1300 phone
312-427-6663 fax
JLuther@Ladas.net