Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5947 | **DATE** | 5/23/2012 |
| **CASE TITLE** | Addiction & Detoxification Institute, LLC vs. Epperly, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Defendants' motion to dismiss Plaintiff's amended complaint [25] is granted and Plaintiff's complaint is dismissed without prejudice. Plaintiff is given 21 days to replead if it believes that it can cure the deficiencies identified in this order. Defendants' motion for sanctions [33] is stricken without prejudice. Defendants may renew their motion for sanctions if Plaintiff files another amended complaint and Defendants believe that the motion is warranted in light of the amendment. In the event that Defendants renew their motion for sanctions at a later date, they are advised that they must file a notice of motion indicating a date certain on which the motion will be presented or their motion will be stricken.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiff Addiction and Detoxification Institute, LLC ("ADI") filed the instant lawsuit alleging that Defendants infringed upon two patents in which Plaintiff allegedly has an interest. Plaintiff asserts that the two patents at issue are U.S. Patent Nos. 6,004,962 (the '962 Patent), entitled "Rapid Opioid Detoxification," and 5,789,411 (the '411 Patent), entitled "Improvements to Rapid Opioid Detoxification." Plaintiff's amended complaint alleges that Defendants "are infringing and/or are contributorially infringing and/or are induced others to infringe by using, offering to sell, and/or selling methods and services that practice one or more inventions claimed in the ADI Patents." The complaint further alleges that Defendants have profited through infringement of the ADI patents and that ADI has suffered and continues to suffer as a result. This is the sum total of Plaintiff's allegations as to "what happened" to give rise to this lawsuit.

As the Seventh Circuit recently stated, "[i]t is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010); *cf. Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), disapproved by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("after puzzling the profession for 50 years, this famous observation [the 'no set of facts' language] has earned its retirement"). To the Seventh Circuit, "fair notice" means that the plaintiff must give enough details about the subject matter of the case to present a story that holds together. *Swanson*, 614 F.3d at 404. As the Supreme Court warned in *Iqbal* and as the Seventh Circuit acknowledged later in *Brooks v. Ross*, 578 F.3d 574 (7th Cir.2009), "abstract recitations of the elements of a cause of action or conclusory legal statements" (578 F.3d at 581) do nothing "to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law. Such statements therefore do not add to the notice that Rule 8 demands." *Swanson*, 614 F.3d at 405.

## STATEMENT

Plaintiff's complaint is woefully deficient, even under Rule 8(a)'s liberal pleading standard. As Plaintiff's brief demonstrates, Plaintiff is laboring under the mistaken belief that the pleading standard under Rule 8(a) allows a plaintiff to state conclusory allegations that must be taken as true. While a court must accept all factual allegations in a complaint as true, those allegations with a "conclusory nature" are "disentitle[d] * * * to the presumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Plaintiff's allegations that Defendants are infringing upon Plaintiff's patents, without the support of *any* facts, are insufficient to state a claim. The primary case relied upon by Plaintiff in its response actually supports Defendants' position. See *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1353 (Fed. Cir. 2007). Although the Federal Circuit allowed the *pro se* plaintiff (here, Plaintiff has counsel) to proceed with his patent infringement suit, the *pro se* plaintiff pleaded more facts than Plaintiff presents in this case. The court in *McZeal* specifically pointed out the facts that the *pro se* plaintiff pleaded in support of his claim, including the means by which the alleged infringer infringed the patent, specific parts of the patent that were infringed, and how the manufactured item in dispute was similar to the plaintiff's patent to the point that it allegedly infringed the plaintiff's patent. Here, Plaintiff has provided none of these details.

Plaintiff is given 21 days to replead if it believes that it can cure the deficiencies identified in this order . "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). Defendants' motion for sanctions is stricken without prejudice because Defendants failed to notice their motion before the Court. If Plaintiff files another amended complaint and Defendants believe a motion for sanctions is warranted in light of the amendment (Defendants' motion for sanctions will not be considered on the basis of the original complaint, which has been dismissed without prejudice), then Defendants may renew their motion for sanctions. In the event that Defendants renew their motion for sanctions at a later date, they must file a notice of motion indicating a date certain for presentment of their motion or it will again be stricken.