**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| ADDICTION & DETOXIFICATION INSTITUTE, LLC, a New Jersey Limited Liability Corporation<br><br>Plaintiff,<br>v.<br><br>JOHN EPPERLY, an individual, NEW HOPE HOLDINGS, LLC, an Illinois Limited Liability Corporation, MIDWEST RAPID OPIATE DETOXIFICATION SPECIALISTS, LLC, An Illinois Limited Liability Corporation, TEXAS OPIATE DETOXIFICATION SPECIALISTS, LLC, a Texas Limited Liability Corporation, and THOREK MEMORAL HOSPITAL, an Illinois Corporation,<br><br>Defendants. | ) | Civil Action No. 1:11-cv-05947<br><br>Judge Robert M. Dow, Jr. |

**FIRST AMENDED COMPLAINT**

Plaintiff, Addiction & Detoxification Institute LLC ("ADI") for its Complaint for Patent Infringement against Defendants John Epperly ("Epperly"), New Hope Holdings, LLC ("New Hope"), Midwest Rapid Opiate Detoxification Specialists, LLC ("MRODS"), Texas Opiate Detoxification Specialists, LLC ("TODS"), and Thorek Memorial Hospital ("Thorek") (collectively, hereafter "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff ADI is a New Jersey corporation having an address at One South Center Street, Suite 202, Merchantville, New Jersey.

2. On information and belief, Defendant Epperly, an individual, is Chairman of Dependant New Hope which owns and operates Defendants MRODS and TODS, and Epperly has an address at 309 Hamilton Street #B, Geneva, Illinois 60134-2182.

3. On information and belief, Defendant New Hope is an Illinois Limited Liability Corporation having an address at 309 Hamilton Street #B, Geneva, Illinois 60134-2182.

4. On information and belief, Defendant MRODS is an Illinois Limited Liability Corporation which is owned and operated by Defendant New Hope and has addresses of 2835 N. Sheffield Ave., Suite 407, Chicago, Illinois 60657 and 309 Hamilton Street #B, Geneva, Illinois 60134-2182.

5. On information and belief, Defendant TODS is a Texas Limited Liability Corporation, which is owned and operated by Defendant New Hope, and has addresses of 309 Hamilton Street #B, Geneva, Illinois 60134-2182 and Kindred Hospital, 1802 Highway 157 N, Mansfield, Texas 76063.

6. On information and belief, Defendant Thorek is an Illinois Corporation having an address at 850 W. Irving Park Road, Chicago, Illinois 60613-3099.

7. On information and belief, Defendants are engaged in the operation, use, sale, and offering for sale within the United States of opiate detoxification services and methods, including, but not limited to, Anesthesia Assisted Rapid Opiate Detoxification (“AAROD”), also known as “Rapid Detox,” “Rapid Opiate Detox,” and “Ultra Rapid Opiate Detoxification (UROD).”

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

10. On information and belief, Defendants are subject to personal jurisdiction in the Northern District of Illinois, Eastern Division (the "District"), consistent with the principles of due process, because Defendants maintain offices and facilities in this District, offer their products, services, and methods for sale, and do sell same, in this District, have transacted business in this district, have committed and/or contributed to and/or induced acts of patent infringement in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## PATENT INFRINGEMENT COUNTS

12. ADI is the owner of all right, title, and interest in U.S. Patent No. 5,789,411 (the "'411 patent") ("ADI Patent") which Defendants are infringing and/or are contributorially infringing and/or are inducing others to infringe by using, offering to sell, and/or selling methods and services that practice one or more inventions claimed in the ADI Patents.

13. On February 9, 2011, Defendant Epperly was offered a license by Plaintiff to practice the inventions claimed in the ADI patent.

14. Epperly responded the same day, on February 9, 2011, stating he wanted to discuss the license, but thereafter did not respond.

15. Epperly finally did respond on March 9, 2011 agreeing to execute a license to practice the inventions claimed in the ADI patent, and subsequently was forwarded a draft license agreement by Plaintiff to execute, which Epperly represented would be reviewed by his attorney.

16. On April 14, 2011, Epperly finally responded with a counter proposal license agreement, and requested a response, to which a revised license agreement was forwarded by Plaintiff. At no time did Epperly or his attorney maintain that Epperly had been granted any rights or equitable rights to practice the inventions claimed in the ADI patent, or that Plaintiff was barred from seeking a license.

17. Defendants Epperly, New Hope, MRODS, and TODS, thereafter became non-responsive, or at times in turn demanding payment from Plaintiff, and other times alleging that the ADI patent is not enforceable allegedly due to the medical exception under 35 U.S.C. §287 (c) even though this section does not apply to patent applications filed prior to September 30, 1996.

18. At no time prior to this litigation was Defendant Thorek offered a license to the ADI patent by Plaintiff, or had been authorized or licensed by Plaintiff to practice the invention claimed n the ‘411 Patent.

19. On May 3, 2011 due to Defendants’ non-responsiveness and/or non-cooperative nature, Epperly, New Hope, and MRODS were forwarded a cease and desist letter as to the ADI patent.

20. Defendants nor their attorney ever responded to the cease and desist letter.

21. On information and belief, and also as a result of Defendants Epperly, New Hope, MRODS, and TODS admissions contained in internet web page advertisements at, for example, www.mrods.com, and Defendant’s admissions contained in documents filed with the court in this case, but dismissed by the Court, said Defendants have practiced and are practicing the subject matter, including each and every element thereof, recited in at least method claim 1 of the ‘411 Patent without authorization by making, using, selling, and/or offering to sell said claimed method and/or otherwise treating patients thereby, and have continued to do so after receiving a cease and desist letter from Plaintiff, and it is believed

that discovery shall uncover additional infringement(s) by said Defendants of additional claims of the ‘411 Patent.

22. On information and belief, and also as a result of Defendant Thorek’s admissions made, *inter alia*, in internet web page advertisements at, for example, www.mrods.com, and Defendants’ admissions contained in documents filed with the Court in this case, but dismissed by the Court, Defendants Epperly, New Hope, MRODS, and Thorek have been, and are, without authorization practicing their infringing methods and procedures as set forth in paragraphs 7 and 21, which infringe at least claim 1 of the ‘411 Patent, at Thorek Memorial Hospital, and have been doing so for at least the past several years, and have continued to do so after receiving a cease and desist letter from Plaintiff.

23. On information and belief, and also as a result of Defendant Thorek’s admissions as set out above, Thorek Memorial Hospital has contracted with or otherwise agreed with Defendants to host or have carried out infringing methods and practices of Defendants, which infringe at least claim 1 of the ‘411 Patent as set forth in paragraphs 7, 21 and 22, on and within Defendant Thorek’s medical and hospital premises, and Thorek receives money and payment for doing so, and that Defendant Thorek makes, uses, sells and/or offers to sell, and/or practices and infringes the invention claimed in at least claim 1 of the ‘411 Patent without authorization, and/or actively induces Defendants’ infringement with specific intent to encourage Defendant’s infringement, and/or contributes to the Defendants’ infringement, and that Thorek has continued to do so with knowledge of the aforesaid cease and desist letter to Defendants.

24. Defendants have profited through infringement of the ADI Patent. As a result of Defendants’ unlawful infringement of the ADI Patent, ADI has suffered and will continue to suffer damage. ADI is entitled to recover from Defendants the damages suffered by ADI as a result of Defendants’ unlawful acts.

25. On information and belief, Defendants' infringement of one or more of the claims in the ADI Patent is willful and deliberate, entitling ADI to enhanced damages and reasonable attorneys fees and costs.

26. On information and belief, Defendants intent to continue their unlawful infringing activity, and ADI continues to and will continue to suffer irreparable harm, for which there is no adequate remedy at law, from such unlawful infringing activity unless Defendants are enjoined by this Court.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,789,411

27. ADI realleges and incorporates by reference the allegations set forth in paragraphs 1-26.

28. ADI is the owner of all right, title, and interest in the '411 Patent, entitled "Improvements to Rapid Opiate Detoxification," duly and properly issued by the U.S. Patent and Trademark Office on August 4, 1998. A copy of the '411 Patent is attached as Exhibit A.

29. Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributorially infringing the '411 Patent by, among other things, making, using, selling, offering to sell in the United States methods and services that are covered by at least one claim of the '411 Patent.

## DEMAND FOR JURY TRIAL

30. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ADI respectfully requests a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, ADI prays for relief as follows:

A. For a judgment declaring that Defendants have infringed the ADI Patent;

B. For a judgment awarding ADI compensatory damages as a result of Defendants' infringement of the ADI Patent and in no even less than a reasonable royalty;

C. For a judgment declaring that Defendants' infringement of the ADI Patent has been willful and deliberate;

D. For a judgment awarding ADI treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the ADI Patent;

E. For a judgment declaring that this case is exceptional and awarding ADI its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54 of the Federal Rules of Civil Procedure;

F. For a grant of a permanent injunction pursuant to 35 U.S.C. §§ 283, enjoining the Defendants from further acts of infringement; and

G. For such other and further relief as the Court deems just and proper.

DATED THIS _12th__ DAY OF _June__ 2012.

**PLAINTIFF ADDICTION & DETOXIFICATION INSTITUTE, LLC**

Respectfully submitted,

Date___6/12/2012________

By: /s/ Thomas K. Mirabile__

Thomas K. Mirabile

Mirabile Law Firm
1751 S. Naperville Road, Suite 203
Wheaton, IL 60187
630-665-6904
lawchicago@earthlink.net

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2012, pursuant to Federal Rules of Civil Procedure Rule 5 and the Northern District of Illinois' General Order on Electronic Case Filing, I caused the following documents:

FIRST AMENDED COMPLAINT

EXHIBIT A

to be filed electronically with the Clerk of the Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

| | |
|---|---|
| Carter A. Korey | ckorey@koreylaw.com |
| Elliot S. Richardson | erichardson@rloattorneys.com |
| Jacqueline A. Criswell | jcriswell@tresslerllp.com |
| Nikolai G. Guerra | nguerra@tresslerllp.com |

By: /s/ Thomas K. Mirabile
Thomas K. Mirabile
Attorney for Plaintiff

Thomas K. Mirabile
Mirabile Law Firm
1751 S. Naperville Road, Suite 203
Wheaton, IL 60187
630-665-6904
lawchicago@earthlink.net