**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ADDICTION & DETOXIFICATION INSTITUTE, LLC, a New Jersey limited liability corporation,

Plaintiff,

vs.

JOHN EPPERLY, an individual, NEW HOPE HOLDINGS, LLC, an Illinois limited liability corporation, MIDWEST RAPID OPIATE DETOXIFICATION SPECIALISTS, LLC, an Illinois limited liability corporation, TEXAS OPIATE DETOXIFICATION SPECIALISTS, LLC, a Texas limited liability corporation, and THOREK MEMORIAL HOSPITAL, an Illinois corporation,

Defendants.

No. 11 cv 05947

Judge Robert M. Dow, Jr.

**DEFENDANTS' JOHN EPPERLY, NEW HOPE HOLDINGS, LLC, MIDWEST RAPID OPIATE DETOXIFICATION SPECIALISTS, LLC AND TEXAS OPIATE DETOXIFICATION SPECIALISTS, LLC ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants JOHN EPPERLY ("Epperly"), NEW HOPE HOLDINGS, LLC ("New Hope"), MIDWEST RAPID OPIATE DETOXIFICATION SPECIALISTS, LLC ("MRODS") and TEXAS OPIATE DETOXIFICATION SPECIALISTS, LLC ("TODS") (collectively "Defendants"), by and through their attorneys, KOREY COTTER HEATHER & RICHARDSON, LLC, hereby submit Defendants Answer and Affirmative Defenses to Plaintiff's First Amended Complaint.

**PARTIES**

1. Plaintiff ADI is a New Jersey corporation having an address at One South Center Street, Suite 202, Merchantville, New Jersey.

**ANSWER: Defendants admit the allegations contained in Paragraph 1.**

2. On information and belief, Defendant Epperly, an individual, is Chairman of Dependant New Hope which owns and operates Defendants MRODS and TODS, and Epperly has an address at 309 Hamilton Street #B, Geneva, Illinois 60134-2182.

**ANSWER: Defendants deny the allegation contained in Paragraph 2 and state that Epperly is a member and the operating manager of New Hope, that New Hope is the sole member of MRODS and TODS but does not operate these entities, and Epperly resides in Geneva, Illinois.**

3. On information and belief, Defendant New Hope is an Illinois Limited Liability Corporation having an address at 309 Hamilton Street #B, Geneva, Illinois 60134-2182.

**ANSWER: Defendants admit that New Hope is an Illinois limited liability company with its principal office located at 309 Hamilton, Suite B, Geneva, Illinois 60134.**

4. On information and belief, Defendant MRODS is an Illinois Limited Liability Corporation which is owned and operated by Defendant New Hope and has addresses of 2835 N. Sheffield Ave., Suite 407, Chicago, Illinois 60657 and 309 Hamilton Street #B, Geneva, Illinois 60134-2182.

**ANSWER: Defendants admit that MRODS is an Illinois limited liability company, deny that New Hope operates MRODS, state that New Hope is the sole member of MRODS, and admit that MRODS has offices in Chicago and Geneva.**

5. On information and belief, Defendant TODS is a Texas Limited Liability Corporation, which is owned and operated by Defendant New Hope, and has addresses of 309 Hamilton Street #B, Geneva Illinois 60134-2182 and Kindred Hospital, 1802 Highway 157 N, Mansfield, Texas 76063.

**ANSWER: Defendants admit that TODS is a Texas limited liability company, deny that New Hope operates TODS, state that New Hope is the sole member of TODS, deny that TODS has an address in Geneva, Illinois, and admit that TODS has an office in Mansfield, Texas.**

6. On information and belief, Defendant Thorek is an Illinois Corporation having an address at 850 W. Irving Park Road, Chicago, Illinois 60613-3099.

ANSWER: **Defendants state that Thorek is an Illinois not-for-profit corporation and admit that Thorek is located in Chicago, Illinois.**

7. On information and belief, Defendants are engaged in the operation, use, sale, and offering for sale within the United States of opiate detoxification services and methods, including, but not limited to, Anesthesia Assisted Rapid Opiate Detoxification ("AAROD"), also known as "Rapid Detox," "Rapid Opiate Detox," and "Ultra Rapid Opiate Detoxification (UROD)."

ANSWER: **Defendants deny that they are all engaged in the operation, use, sale, and offering for sale within the United States of opiate detoxification services and methods, including, but not limited to, Anesthesia Assisted Rapid Opiate Detoxification ("AAROD"), also known as "Rapid Detox," "Rapid Opiate Detox," and "Ultra Rapid Opiate Detoxification (UROD)." New Hope is a holding company and is not engaged in the operation, use, sale or offering for sale of opiate detoxification services and methods. Epperly is an individual who is the operating manager of MRODS and TODS. In conjunction with a hospital based clinic, MRODS and TODS provide Anesthesia Assisted Rapid Opiate Detoxification ("AAROD"), also known as Rapid Detox, Rapid Opiate Detox, Ultra Rapid Opiate Detoxification ("UROD") to its patients. Defendants are not required to answer said allegations as to Thorek contained within paragraph 7.**

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

ANSWER: **Defendants admit that this action arises under the patent laws of the United States, Title 35, United States Code. Defendants admit that Plaintiff is alleging patent infringement.**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

**ANSWER: Paragraph 9 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants admit the allegations contained within this paragraph.**

10. On information and belief, Defendants are subject to personal jurisdiction in the Northern District of Illinois, Eastern Division (the "District"), consistent with the principles of due process, because Defendants maintain offices and facilities in this District, offer their products, services, and methods for sale, and do sell same, in this District, have transacted business in this district, have committed and/or contributed to and/or induced acts of patent infringement in this District.

**ANSWER: Defendants deny the allegations contained in Paragraph 10 except for admitting that all Defendants, except for TODS, are subject to personal jurisdiction in this District because they maintain offices in this District, offer their services in this District, and do business in this District.**

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

**ANSWER: Paragraph 11 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants admit the allegations contained within this paragraph.**

## PATENT INFRINGEMENT COUNTS

12. ADI is the owner of all right, title, and interest in U.S. Patent No. 5,789,411 (the "411 patent") ("ADI Patent") which Defendants are infringing and/or are contributorially infringing and/or inducing others to infringe by using, offering to sell, and/or selling methods and services that practice one or more inventions claimed in the ADI Patents.

**ANSWER: Paragraph 12 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

13. On February 9, 2011, Defendant Epperly was offered a license by Plaintiff to practice the inventions claimed in the ADI patent.

**ANSWER: Paragraph 13 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

14. Epperly responded the same day, on February 9, 2011, stating he wanted to discuss the license, but thereafter did not respond.

**ANSWER: Defendants deny the allegations contained in Paragraph 14.**

15. Epperly finally did respond on March 9, 2011 agreeing to execute a license to practice the inventions claimed in the ADI patent, and subsequently was forwarded a draft license agreement by Plaintiff to execute, which Epperly represented would be reviewed by his attorney.

**ANSWER: Paragraph 15 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

16. On April 14, 2011, Epperly finally responded with a counter proposal license agreement, and requested a response, to which a revised license agreement was forwarded by Plaintiff. At no time did Epperly or his attorney maintain that Epperly had been granted any rights or equitable rights to practice the inventions claimed in the ADI patent, or that Plaintiff was barred from seeking a license.

**ANSWER: Paragraph 16 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

17. Defendants Epperly, New Hope, MRODS, and TODS, thereafter became non-responsive, or at times in turn demanding payment from Plaintiff, and other times alleging that the ADI patent is not enforceable allegedly due to the medical exception under 35 U.S.C. § 287 (c) even thought this section does not apply to patent applications filed prior to September 30, 1996.

**ANSWER: Paragraph 17 calls for a legal conclusion of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

18. At no time prior to this litigation was Defendant Thorek offered a license to the ADI patent by Plaintiff, or had been authorized or licensed by Plaintiff to practice the invention claimed in the '411 Patent.

**ANSWER: Defendants are not required to answer said allegations as to Thorek contained within this Paragraph 18.**

19. On May 3, 2011 due to Defendants' non-responsiveness and/or non-cooperative nature, Epperly, New Hope, and MRODS were forwarded a cease and desist letter as to the ADI patent.

**ANSWER: Defendants deny the allegations contained in Paragraph 19.**

20. Defendants nor their attorney ever responded to the cease and desist letter.

**ANSWER: Defendants deny that they were forwarded a cease and desist letter and as such could not have responded to the same.**

21. On information and belief, and also as a result of Defendants Epperly, New Hope, MRODS, and TODS admissions contained in internet web page advertisements at, for example, www.mrods.com, and Defendant's admissions contained in documents filed with the court in this case, but dismissed by the Court, said Defendants have practiced and are practicing the subject matter, including each and every element thereof, recited in at least method claim 1 of the '411 Patent without authorization by making, using, selling, and/or offering to sell said claimed method and/or otherwise treating patients thereby, and have continued to do so after receiving a cease and desist letter from Plaintiff, and it is believed that discovery shall uncover additional infringement(s) by said Defendants of additional claims of the '411 Patent.

**ANSWER: Paragraph 21 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

22. On information and belief, and also as a result of Defendant Thorek's admissions made, inter alia, in internet web page advertisements at, for example, www.mrods.com, and Defendants' admissions contained in documents filed with the Court in this case, but dismissed by the Court, Defendants Epperly, New Hope, MRODS, and Thorek have been, and are, without

authorization practicing their infringing methods and procedures as set forth in paragraphs 7 and 21, which infringe at least claim 1 of the '411 Patent, at Thorek Memorial Hospital, and have been doing so for at least the past several years, and have continued to do so after receiving a cease and desist letter from Plaintiff.

**ANSWER: Paragraph 22 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

23. On information and belief, and also as a result of Defendant Thorek's admissions as set out above, Thorek Memorial Hospital has contracted with or otherwise agreed with Defendants to host or have carried out infringing methods and practices of Defendants, which infringe at least claim 1 of the '411 Patent as set forth in paragraphs 7, 21 and 22, on and within Defendant Thorek's medical and hospital premises, and Thorek receives money and payment for doing so, and that Defendant Thorek makes, uses, sells and/or offers to sell, and/or practices and infringes the invention claimed in at least claim 1 of the '411 Patent without authorization, and/or actively induces Defendants' infringement with specific intent to encourage Defendant's infringement, and/or contributes to the Defendants' infringement, and that Thorek has continued to do so with knowledge of the aforesaid cease and desist letter to Defendants.

**ANSWER: Paragraph 23 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

24. Defendants have profited through infringement of the ADI Patent. As a result of Defendants' unlawful infringement of the ADI Patent, ADI has suffered and will continue to suffer damage. ADI is entitled to recover from Defendants the damages suffered by ADI as a result of Defendants' unlawful acts.

**ANSWER: Paragraph 24 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

25. On information and belief, Defendants' infringement of one or more of the claims in the ADI Patent is willful and deliberate, entitling ADI to enhanced damages and reasonable attorneys fees and costs.

**ANSWER: Paragraph 25 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

26. On information and belief, Defendants intent to continue their unlawful infringing activity, and ADI continues to and will continue to suffer irreparable harm, for which there is no adequate remedy at law, from such unlawful infringing activity unless Defendants are enjoined by this Court.

**ANSWER: Paragraph 26 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,789,411**

27. ADI realleges and incorporates by reference the allegations set forth in paragraphs 1-26.

**ANSWER: Defendants incorporate by reference their answers to Paragraphs 1 through 26 as their answer to Paragraph 27.**

28. ADI is the owner of all right, title, and interest in the '411 Patent, entitled "Improvements to Rapid Opiate Detoxification," duly and properly issued by the U.S. Patent and Trademark Office on August 4, 1998. A copy of the '411 Patent is attached as Exhibit A.

**ANSWER: Paragraph 28 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph except for admitting that a copy of the '411 Patent is attached to the First Amended Complaint as Exhibit A.**

29. Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributorially infringing the '411 Patent by, among other things, making, using, selling, offering to sell in the United States methods and services that are covered by at least one claim of the '411 Patent.

**ANSWER: Paragraph 29 calls for legal conclusions of which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained within this paragraph.**

## DEMAND FOR JURY TRIAL

30. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ADI respectfully requests a trial by jury of all issues properly triable by jury.

**ANSWER: Paragraph 30 does not contain any allegations of fact which require an answer.**

## PRAYER FOR RELIEF

WHEREFORE, ADI prays for relief as follows:

A. For a judgment declaring that Defendants have infringed the ADI Patent;
B. For a judgment awarding ADI compensatory damages as a result of Defendants' infringement of the ADI Patent and in no even less than a reasonable royalty;
C. For a judgment declaring that Defendant's infringement of the ADI Patent has been willful and deliberate;
D. For a judgment awarding ADI treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the ADI Patent;
E. For a judgment declaring that this case is exceptional and awarding ADI its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54 of the Federal Rules of Civil Procedure;
F. For a grant of a permanent injunction pursuant to 35 U.S.C. §§ 283, enjoining the Defendants from further acts of infringement; and
G. For such other and further relief as the Court deems just and proper.

**ANSWER: To the extent that any response is required to this prayer for relief, Defendants deny all of the allegations in Plaintiff's prayer for relief in its entirety and respectfully requests that this action be dismissed and a judgment be entered in favor of Defendants and against the Plaintiff, that no relief be granted to the Plaintiff, and that such other relief be granted to the Defendants that the Court deems just and appropriate.**

## AFFIRMATIVE DEFENSES

Without altering the applicable burdens of proof, Defendants assert the following affirmative defenses:

### First Affirmative Defense—Lack of Standing to Sue

Plaintiff lacks standing to sue under the '411 patent because it lacks sufficient rights to the '411 patent. Specifically, the '411 patent names two co-inventors, Lance Gooberman ("Gooberman") and Dr. Colin Brewer ("Brewer"). According to the records of the United States Patent & Trademark Office ("USPTO"), co-inventors Gooberman and Brewer executed a "first assignment" on April 19, 1996 and April 21, 1996 respectively which assigned all rights to the '411 patent to ROD Treatment Centers, Inc. of Merchantville, New Jersey. The first assignment was not recorded in the USPTO by Gooberman's attorney of record in this case, John Luther, until July 20, 1998 (reel/frame 009501/0435). A copy of the first assignment is attached hereto as Exhibit A. On information and belief, ROD Treatment Centers, Inc. is no longer in existence and, upon information and belief, no assignment or other instrument exists that transfers of the rights to the '411 patent from ROD Treatment Centers, Inc. to Plaintiff. Further, according to the records of the USPTO, a "second assignment" was executed by co-inventor Gooberman on November 17, 1996, which attempted to assign all rights to the '411 patent from the two co-inventors to Gooberman. Co-inventor Brewer did not execute the second assignment and in fact refused to execute the second assignment. The second assignment was recorded in the USPTO on August 22, 1997 (reel/frame 008687/0671) by Luther. A copy of the second assignment is attached hereto as Exhibit B. Co-inventor Brewer did not execute the second assignment even though a signature page for co-inventor Brewer was recorded with the second assignment. However, said signature page for co-inventor Brewer for the second assignment is merely a

photocopy of co-inventor Brewer's signature page from the first assignment. Based on a comparison of the fonts, notarizations, signatures etc. from co-inventor Brewer's signature pages for the two assignments, it is evident that co-inventor Brewer's signature page from the first assignment was copied and recorded with the second assignment. Because co-inventor Brewer only executed the first assignment and not the second assignment, co-inventor Brewer never assigned his rights to co-inventor Gooberman. As a result, Gooberman was never the sole owner of the '411 patent and never had exclusive rights to the '411 patent under 35 U.S.C. §§261-262. A copy of a sworn affidavit by co-inventor Brewer attesting to the facts asserted above is attached as Exhibit C. Four additional assignments of the '411 patent were also recorded in the USPTO, but none of them transfer any rights from ROD Treatment Centers, Inc. A third "substitute" assignment was recorded by co-inventor Brewer which attempts to transfer his rights to the Stapleford Foundation, Inc. The third assignment was executed on August 17, 1998 and recorded on August 19, 1998, three days before Luther recorded the second assignment with the Brewer signature page that was taken from the first assignment. A copy of the third assignment is attached as Exhibit D. The court will note that the third assignment refers to the instrument we refer to as the second assignment (reel/frame 00867/0671) as a first assignment and the instrument we refer to as the first assignment (reel/frame 009501/0435) as a second assignment. Nevertheless, Brewer's third assignment (Exhibit D) makes it clear that he never executed the second assignment to Gooberman that was recorded on August 22, 1997 (reel/frame 00867/0671) and that the second assignment to Gooberman was "contrary to [Brewer's] instructions and authorization". A fourth instrument was recorded on June 16, 2004 which attempts to transfer all rights to the '411 patent from Gooberman to his son, Jason Gooberman. The fourth instrument, entitled "Patent Rights Purchase Agreement" is attached as Exhibit E.

The fourth instrument is defective because Gooberman had no rights to the '411 patent to sell to his son. In addition, identical or nearly identical fifth and sixth assignments were recorded on March 10, 2011 which attempt to transfer rights to the '411 patent from Gooberman to Plaintiff, notwithstanding Gooberman's lack of ownership rights to the '411 patent. A copy of the fifth assignment is attached as Exhibit F. Finally, on April 12, 2012, months after Gooberman filed this lawsuit, Gooberman, through Luther, records a seventh assignment which attempts to transfer rights to the '411 patent from Gooberman's son, Jason Gooberman, to Plaintiff even though Jason Gooberman lacks the authority to do so because of the first assignment to ROD Treatment Centers, Inc. Based on the foregoing, the sole owner of the '411 patent is ROD Treatment Centers, Inc., which, upon information and belief, is no longer in existence. Without any ownership rights to the '411 patent, Plaintiff has no standing to sue.

**Second Affirmative Defense—Noninfringement**

Defendants do not infringe any claim of the '411 patent. The '411 patent includes twenty-nine claims, of which claims 1, 9, 15, 16, 23, and 29 are independent. Non-infringement of an independent claim of a patent necessarily means that the claims depending therefrom (i.e., the dependent claims) are also not infringed. Thus, only the independent claims of the'411 patent are addressed here. Independent claims 16, 23, and 29 require the use of a time-releasable subcutaneously-implanted antagonist, which is not used in Defendants' detoxification procedure. Further, there can be no infringement under the doctrine of equivalents as the time-releasable subcutaneously-implanted antagonist limitation was added to claims 16, 23 and 29 by way of an amendment to overcome prior art rejections during the prosecution of the '411 patent. Independent claims 1, 15, 16 and 29 all require the release of a patient within eight hours after the sedation starts. Patients of Defendants' detoxification procedure, on the other hand, are

released the next day (after 24 hours). Again, there is no infringement under the doctrine of equivalents as the eight-hour release limitation of claims 1, 15, 16 and 29 was necessary to overcome prior art rejections. Further, independent claims 1 and 15 also require a step of "detoxifying said patient by injecting an opioid antagonist," which is not performed in Defendants' rapid opiate detoxification procedure. Defendants use only an orally administered opioid antagonist through a gastric tube. Finally, independent claim 9 requires a step of "intravenously administering a narcotic antagonist containing naloxone hydrochloride to said patient while said patient is sedated to induce withdrawal". As mentioned above, this step is not performed in Defendants' detoxification procedure; Defendants use orally administered naltrexone (through a gastric tube) and do not use naloxone hydrochloride intravenously.

**Third Affirmative Defense—Invalidity**

The '411 patent is invalid under 35 USC §103 as being obvious in view of at least the following two prior art references: (1) U.S. Patent No. 6,103,734 which discloses the use of propofol, naltrexone and/or naloxone in a rapid opiate detoxification procedure and (2) Farthing, M.J.G., "Octreotide in the treatment of refractory diarrhea and intestinal fistulae", *Gut* 1994; Supplement 3: S5-S10, which discloses the effectiveness of octreotide in refractory diarrhea, the same type of diarrhea that occurs during rapid opiate detoxification procedures.

**Fourth Affirmative Defense—Laches**

Plaintiff unreasonably and inexcusably delayed bringing this suit and materially prejudiced Defendants as a result of Plaintiff's unreasonable and inexcusable delay. Further, Plaintiff's six year delay in bring this suit has created a presumption of laches. Specifically, in this case, the '411 patent issued more than thirteen years prior to the filing of this lawsuit. Gooberman knew about Defendants' practice at least before 2004. Gooberman not only knew

about Defendants' practice, but Gooberman regularly referred patients to Defendants because, upon information and belief, Gooberman's New Jersey medical license was suspended in or about 2003. Further, in an email dated March 29, 2004, Gooberman told Epperly that he didn't want "to go after friends". Because, the delay in bringing the lawsuit is at least more than six years, the presumption of laches applies and Plaintiff should be barred from recovery.

**Fifth Affirmative Defense--Equitable Estoppel**

Plaintiff should be barred from recovery because, through Gooberman's misleading conduct, Defendants reasonably believed that Gooberman would not sue Defendants. Specifically, Gooberman, through his misleading conduct, led Defendants to reasonably believe that Gooberman did not intend to enforce the '411 patent against Defendants; Defendants relied on Gooberman's misleading conduct; and due to Defendants' reliance, Defendants would be materially prejudiced if Plaintiff were permitted to proceed with its charge of infringement. In this case, email communications between Gooberman and Defendant Epperly show that: Gooberman repeatedly asked Epperly to assist in Gooberman's planned infringement actions against other accused infringers (*e.g.*, asking Epperly about other alleged infringers' practices, asking Epperly to be Gooberman's expert witness in planned litigation, etc.); Gooberman referred over twenty patients to Defendants for rapid opiate detoxification treatments because, upon information and belief, New Jersey suspended his medical license in 2003 and Gooberman could not legally treat those patients himself; Gooberman sold (or offered to sell) subcutaneous naltrexone pellets to Defendants for use in rapid opiate detoxification treatments in Nepal (in possible violation of the terms of his New Jersey license suspension); and Gooberman allowed more than six years to pass before asserting his infringement claims against Defendants. This conduct took place after the issue date of the '411 patent and after Gooberman knew about

Defendants' practice. Taken together, this misleading conduct effectively misled Defendants into reasonably believing that Gooberman did not intend to enforce the asserted patents against Defendants. Defendants relied upon this misleading conduct and were materially prejudiced because Defendants changed their economic position by expanding their practice and making capital investments in their practice over the years. As a result, Plaintiff should be barred from any recovery under the doctrine of equitable estoppel.

**Sixth Affirmative Defense—Unclean Hands**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands due to Plaintiffs fraudulent conduct. Plaintiff is owned and/or controlled by Gooberman, who committed fraud by knowingly and intentionally recording the "second assignment" using Brewer's signature page from the first assignment. Thus, Gooberman, through Luther, recorded the second assignment without co-inventor Brewer's consent or signature and has fraudulently represented to the public that Brewer had signed said second assignment. Gooberman arranged for subsequent assignments, including the fifth and sixth assignments which attempt to transfer rights to the '411 patent from Gooberman to Plaintiff, knowing that Gooberman lacked the capacity to do so because of the first assignment to ROD Treatment Centers, Inc. Finally, months after this lawsuit was filed, Gooberman, through Luther, records a seventh assignment which attempts to transfer rights to the '411 patent from Gooberman's son, Jason Gooberman, to Plaintiff even though Jason Gooberman lacked the capacity to do so because of the first assignment to ROD Treatment Centers, Inc.

WHEREFORE, Defendants JOHN EPPERLY, NEW HOPE HOLDINGS, LLC, MIDWEST RAPID OPIATE DETOXIFICATION SPECIALISTS, LLC and TEXAS OPIATE DETOXIFICATION SPECIALISTS, LLC, request that this Honorable Court dismiss Plaintiff's First Amended Complaint in its entirety with prejudice, deny Plaintiff's requests for damages and any other relief, award Defendants their reasonable attorneys' fees and costs for defending against this action, and grant Defendants such other relief as the Court deems just and reasonable.

Dated: July 9, 2012

Respectfully submitted,

/s/ Carter A. Korey

Carter A. Korey
Elliot Richardson
Korey Cotter Heather & Richardson, LLC
20 South Clark Street, Suite 500
Chicago, Illinois 60603

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 9, 2012, he caused a true and correct copy of the attached Defendants Answer and Affirmative Defenses to Plaintiff's First Amended Complaint to be served by the ECF system upon:

| | |
|---|---|
| Thomas K. Mirabile | lawchicago@earthlink.net |
| Jacqueline A. Criswell | jcriswell@tresslerllp.com, tresslerdocket@tresslerllp.com |
| Nikolai G Guerra | nguerra@tresslerllp.com |

Dated: July 9, 2012

/s/ Carter A. Korey
Carter A. Korey