**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADDICTION AND DETOXIFICATION INSTITUTE, LLC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 11-cv-5947 |
| v. | ) ) ) | Judge Robert M. Dow, Jr. |
| JOHN EPPERLY, ET AL., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Addiction and Detoxification Institute, LLC ("ADI") filed the instant lawsuit alleging that Defendants infringed upon two patents in which Plaintiff allegedly has an interest. Plaintiff originally asserted that the two patents at issue were U.S. Patent Nos. 6,004,962 (the '962 Patent), entitled "Rapid Opioid Detoxification," and 5,789,411 (the '411 Patent), entitled "Improvements to Rapid Opioid Detoxification"; however, Plaintiff's second amended complaint alleges infringement only as to the '411 Patent. Before the Court is Defendants' motion for summary judgment or, in the alternative, motion to dismiss Plaintiff's complaint with prejudice pursuant to Rule 12(b)(1) [49] and motion for Rule 11 sanctions [46].

In regard to the present motions, for the reasons set forth below, the Court denies Defendants' motion for summary judgment or, in the alternative, motion to dismiss Plaintiff's complaint with prejudice pursuant to Rule 12(b)(1) [49] and denies Defendants' motion for Rule 11 sanctions [46]. The Court grants Defendants' motion for leave to file a sur-reply [78] and Plaintiff's motion for leave to file a response to Defendants' sur-reply [83]. In the interest of judicial economy, in ruling on the present motions, the Court has considered Plaintiff's

Additional Statement of Facts in Opposition to Defendants' Motion for Summary Judgment as well as Defendants' response to those facts contained in Defendants' Sur-Reply [Exhibit A to Docket Entry 78].[1]

## I. Background[2]

On June 17, 1996, an application was filed with the U.S. Patent and Trademark Office ("USPTO"), which eventually culminated in the '411 Patent. The application listed Lance L. Gooberman and Colin Brewer as the co-inventors of an invention entitled "Improvements to Rapid Opioid Detoxification." The application resulted in the issuance of the '411 Patent on August 4, 1998.

Prior to the submission of the application for the '411 Patent, on April 21, 1996, Brewer and Gooberman executed an assignment, which assigned all of their rights in the invention to ROD Treatment Centers, Inc. Although the assignment was executed on April 21, 1996, the assignment was not recorded or filed in the USPTO until July 20, 1998. The delay in recording was the result of a trademark dispute involving ROD Treatment Centers, Gooberman, and CITA Biomedical, Inc. In an affidavit, Gooberman claims that he "wholly" owned ROD Treatment Center, Inc., which then became U.S. Detox, Inc., which then was dissolved on July 16, 2003, with all assets reverting to Lance Gooberman.

---

[1] Before considering the present motions, the state of the litigation to date bears noting. Both sides have leveled inflammatory accusations and engaged in unnecessary tattling and finger pointing. Such conduct must come to an end. Counsel and litigants are reminded of their obligations to the Court as well as to opposing counsel and of the federal and local rules on briefing motions. Repeated requests to file surreplies and sur-surreplies will not be granted; the parties have an obligation to present arguments in a cogent and coherent fashion. To date, the parties have leveled accusations in a rushed manner, without thinking through the arguments that could or should be advanced, and then have sought to supplement those arguments with piecemeal briefs that address new issues and newly acquired documents. Both sides share responsibility for the sloppy manner in which this litigation has been conducted to date, and further conduct in kind will not be tolerated and may be sanctioned.

[2] The Court has taken the relevant facts primarily from the parties' Local Rule ("L.R.") 56.1 statements: Defendants' Statement of Facts [50], Plaintiff's Statement of Facts in Opposition [69], and Defendants' Reply to Plaintiff's Statement of Facts in Opposition [72].

After the first assignment was executed, Gooberman attempted to elicit an assignment from Brewer and Gooberman to Gooberman, but according to Brewer's affidavit, he refused. Despite Brewer's refusal, Gooberman still recorded an assignment from Brewer and Gooberman to Gooberman. This alleged "second" assignment was recorded on September 16, 1997, more than a year before the first assignment was recorded. Brewer claims that his signature page on the second assignment was taken from the first assignment. In other words, Brewer claims that Gooberman photocopied Brewer's signature page on the first assignment and attached it to the second assignment. Gooberman maintains that Brewer completed the assignment.

After Brewer discovered that Gooberman attempted to record the second assignment, Brewer executed and recorded a third assignment, which assigned his rights in the '411 to the Stapleford Foundation, Inc. The third assignment was executed on August 17, 1998, and recorded on August 19, 1998. In the third assignment, Brewer states that the second assignment was not executed by him and was filed without his instructions and authorization.

On June 16, 2004, a fourth assignment of the '411 Patent was recorded, which assigned all rights from Gooberman to his son, Jason Gooberman. The instrument was entitled a "Patents Rights Purchase Agreement" and was executed on December 18, 2001. Then, on March 10, 2011, two more instruments were recorded (the fifth and sixth assignments), which assigned rights to the '411 Patent from Gooberman to Plaintiff Addition and Detoxification Institute, LLC ("ADI").

On August 26, 2011, Plaintiff commenced the present litigation. Then, on April 12, 2012, during the pendency of this lawsuit, yet another assignment (the seventh) was executed and recorded, which assigned the rights to the '411 Patent from Jason Gooberman to ADI. Plaintiff amended his complaint following the seventh assignment.

**II.     Standard of Review**

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**III.    Analysis**

Defendants have raised a challenge to Plaintiff's standing to bring this lawsuit. In their motion, Defendants contend that ROD Treatment Centers is the true owner of the '411 Patent

4

and therefore is the only party with standing to bring a patent infringement suit regarding the '411 Patent. Alternatively, Defendants contend that even if Plaintiff acquired an interest in the '411 Patent, it acquired those rights after commencing the present litigation. Plaintiff has alleged that it is "the owner of all right, title and interest" in the '411 Patent.

Federal trial courts have been advised to "decide standing questions at the outset of a case. That order of decision (first jurisdiction then the merits) helps better to restrict the use of the federal courts to those adversarial disputes that Article III defines as the federal judiciary's business." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 111 (1998) (Breyer, J. concurring). The party invoking federal jurisdiction has the burden of proof and persuasion to satisfy the constitutional requirements of Article III standing. See *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990) (holding that the burden is on the party seeking to exercise jurisdiction to clearly allege facts sufficient to establish jurisdiction).

The Patent Act provides that a "patentee" shall have a remedy by civil action for patent infringement. 35 U.S.C. § 281 (1994). The term "patentee" is defined in the Act under § 100(d) as including not only the patentee to whom the patent issued, but the successors in title to the patentee. This has been interpreted to require that a suit for infringement ordinarily must be brought by a party holding legal title to the patent. See, *e.g., Arachnid, Inc. v. Merit Indus., Inc.,* 939 F.2d 1574, 1578-79 (Fed. Cir. 1991). Accordingly, an assignee is the patentee and has standing to bring suit for infringement in its own name. See 35 U.S.C. § 100(d) (1994). The assignment of legal title in a patent can be conveyed in the form of the entire patent, an undivided part or share of the entire patent, or all rights under the patent in a specified geographical region of the United States (a so called "grant"). See *Waterman v. Mackenzie,* 138 U.S. 252 (1891) (addressing the predecessor patent statute). Any less than a complete transfer of

5

these rights is merely a license, in which case the title remains with the owner of the patent and the suit must be brought in its name. *Id.*; see also *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998).

The plaintiff in a patent infringement suit has the burden of proving that when it filed the complaint it either owned the patent on which its suit is based or was an exclusive licensee, and hence the equivalent of an assignee of the patent. *Fieldturf, Inc. v. Southwest Recreational Industries, Inc.,* 357 F.3d 1266, 1268 (Fed .Cir. 2004); *Mentor H/S, Inc. v. Medical Device Alliance, Inc.,* 240 F.3d 1016, 1017 (Fed. Cir. 2001); *Textile Productions, Inc. v. Mead Corp.,* 134 F.3d 1481, 1483–84 (Fed. Cir. 1998); *cf. Wisconsin Right to Life, Inc. v. Schober,* 366 F.3d 485, 489 (7th Cir. 2004). Unless that condition is satisfied, the district court lacks jurisdiction. See *Paradise Creations, Inc. v. UV Sales, Inc.,* 315 F.3d 1304, 1309 (Fed. Cir. 2003); *Lans v. Digital Equipment Corp.,* 252 F.3d 1320, 1328 (Fed. Cir. 2001); *Enzo APA & Son,* 134 F.3d at 1093–94; *DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237, 1238 (N.D. Ill. 2005) (Posner, J. sitting by designation). "[W]hile later events may not create jurisdiction where none existed at the time of filing, the proper focus in determining jurisdiction are the facts existing at the time the complaint *under consideration* was filed." *Prasco, LLC v. Medicis Pharmacuetical Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008) (citation and internal quotation marks omitted; emphasis in original); see also *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007) ("[W]hen a plaintiff filed a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction"). Here, the operative complaint for purposes of jurisdiction is Plaintiff's amended complaint filed June 12, 2012.

Here, the facts, taken in the light most favorable to Plaintiff, are as follows. Brewer and

6

Gooberman filed a patent application on June 17, 1996, and the '411 Patent was issued on August 4, 1998. Brewer and Gooberman also executed an assignment, which assigned all of their rights in the invention to ROD Treatment Centers, Inc.; the assignment was recorded with the USPTO on July 20, 1998. In an affidavit, Gooberman claims that he "wholly" owned ROD Treatment Center, Inc., which then became U.S. Detox, Inc., which then was dissolved on July 16, 2003, with all assets reverting to Lance Gooberman. Taking these facts in the light most favorable to Gooberman, assuming no other assignments, in July 2003, Gooberman owned the rights to the patent.

But there were other assignments. After the first assignment was executed, Gooberman attempted to elicit an assignment from Brewer and Gooberman to Gooberman, but according to Brewer's affidavit, he refused. Gooberman still recorded an assignment from Brewer and Gooberman to Gooberman. This alleged "second" assignment was recorded on September 16, 1997, more than a year before the first assignment was recorded. Disputed issues of fact remain as to whether this assignment was valid or not. However, if it was valid, Gooberman owned the rights to the patents. If it was not, then the assignment to ROD is the operative assignment and Gooberman still owns the rights to the patent.[3] Therefore, under either scenario, in July 2003, Gooberman owned the rights to the patent.[4]

---

[3] Defendants position is as follows: "The undisputed facts demonstrate that ROD Treatment Centers presently holds all of the interest in the '411 Patent. This plainly is the case because: (1) ROD Treatment Centers received a valid assignment of the rights under the '411 Patent from both Dr. Brewer and Gooberman, and (2) ROD Treatment Centers has never assigned its rights to anyone." [DE 51 at 5.] What Defendants assertion fails to take into account is Plaintiff's contention (and supporting evidence) that Gooberman "wholly" owned ROD Treatment Center, Inc., which then became U.S. Detox, Inc., which then was dissolved on July 16, 2003, with all assets reverting to Lance Gooberman.

[4] While Defendants have repeatedly referenced fraud, forgery, and unclean hands throughout their briefs, Defendants do not actually have a fraud claim. If Defendants believe that Plaintiff has committed fraud at some point along the way, Defendants, assuming they have standing to bring such claims, have different avenues by which they can consider bringing those sort of claims. However, attempting to paint a "fraud"

Brewer also executed and recorded a third assignment, which assigned his rights in the '411 to the Stapleford Foundation, Inc. However, based on prior assignments, Brewer did not own the rights to the patent when this assignment was recorded on August 19, 1998.[5] Those rights either belonged to ROD or Gooberman. On June 16, 2004, a fourth assignment of the '411 Patent was recorded, which assigned all rights from Gooberman to his son, Jason Gooberman. Then, on March 10, 2011, two more instruments were recorded (the fifth and sixth assignments), which assigned rights to the '411 Patent from Gooberman to Plaintiff Addition and Detoxification Institute, LLC ("ADI"). Finally, on April 12, 2012, during the pendency of this lawsuit, yet another assignment (the seventh) was executed and recorded, which assigned the rights to the '411 Patent from Jason Gooberman to ADI. Plaintiff amended his complaint following the seventh assignment; therefore, according to the allegations of complaint under consideration, ADI owns the rights to the '411 Patent.

In sum, what can be gleaned from the amended complaint, fact statements, and briefs filed to date is that ADI owns the patent in question. If further discovery reveals fraud on the patent office or other nefarious activity on the part of Plaintiff in securing the rights to the patent, then those issues may be explored at a later time, either before this Court or in the appropriate forum, assuming Defendants that have standing to bring those challenges. But for present purposes, Plaintiff has demonstrated standing to bring this lawsuit. Taking the facts in the light most favorable to Plaintiff (as the Court must do on summary judgment), Plaintiff has satisfied

---

gloss on this lawsuit, without assuming the burden of actually asserting such claims, is insufficient to bar Plaintiff's infringement claims.

[5] Interestingly, Defendants contend that the initial assignment by Brewer and Gooberman to ROD was valid, but also rely on Brewer's later attempt to assign his rights to his own company, the Stapleford Foundation, as proof that Plaintiff does not have standing. However, Brewer could not have owned the rights when he attempted to assign them to his own company if the initial assignment to ROD was valid (as Defendants contend).

its burden of establishing that it owns the rights to the '411 patent and ADI may proceed with this lawsuit.

## IV. Conclusion

Because Plaintiff has satisfied his burden of establishing standing to bring this lawsuit, Defendants' motions for sanctions [46] and summary judgment [49] are denied. In trying to piece together the allegations and facts presented by the parties, the Court has considered all of the briefing by the parties, including Defendants' sur-reply and Plaintiff's response to Defendants' sur-reply; therefore, the Court grants both Defendants' motion for leave to file a sur-reply [78] and Plaintiff's motion for leave to file a response to Defendants' sur-reply [83].

Dated: March 25, 2013

_____
Robert M. Dow, Jr.
United States District Judge